UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                          Chapter 11

BRENTWOOD APARTMENTS TAMPA, LLC,                Case No. 8:10-bk-3334-KRM

            Debtor.
_____/        *Emergency Relief Requested*

**A hearing on this Motion will be held on February 25, 2009, at 2:30 p.m., in Courtroom 9B, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida, before the Honorable K. Rodney May, Bankruptcy Judge.**

**DEBTOR'S EMERGENCY MOTION PURSUANT TO 11 U.S.C. § 364(c) FOR AUTHORIZATION TO ENTER INTO PREMIUM FINANCE AGREEMENT WITH PRIME RATE PREMIUM FINANCE CORPORATION, INC.**

      Brentwood Apartments Tampa, LLC (the "Debtor"), by and through its undersigned attorneys, hereby files its Emergency Motion Pursuant to 11 U.S.C. § 364(c) for Authorization to Enter Into Premium Finance Agreement With Prime Rate Premium Finance Corporation, Inc. (the "**Motion**") and requests the entry of an order authorizing it to enter into the insurance premium finance agreement attached hereto as <u>Exhibit A</u>. In support of its Motion, the Debtor respectfully represents as follows:

**<u>Jurisdiction and Venue</u>**

      1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408. The statutory predicate for the relief sought herein is 11 U.S.C. § 364(c). No previous

application for the relief sought herein has been made by the Debtor to this Court or any other court.

**Background**

2. On February 17, 2010 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. The Debtor is operating its business and managing its property as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in this case and no official committees have yet been appointed pursuant to § 1102 of the Bankruptcy Code.

5. The Debtor is the owner of an apartment complex located at 8741 Grove Terrace, Tampa, 33617 (the "**Complex**"). The Complex consists of 13 two-story structures with 180 units ranging in size from two bedroom, one bath to two bedroom, two bath.

**Relief Requested and Basis for Relief**

6. In the ordinary course of its business, the Debtor must maintain various insurance policies, including general liability and umbrella insurance. The Debtor has received a binding commitment for such insurance (the "**Insurance**").

7. The total premium for the Insurance is $87,435.87. The Debtor does not have sufficient funds to pay the premium for the Insurance in one installment and needs to obtain financing for such premium.

8. Subject to Court approval, the Debtor entered into a Premium Finance Agreement (the "**Agreement**") with Prime Rate Premium Finance Corporation, Inc. ("**Prime Rate**"). Pursuant to the Agreement, the Debtor is required to make a down payment to Prime Rate in the amount of $21,859.00 and to make nine (9) equal monthly payments in the amount of $7,497.50. The annual percentage rate will be 6.05% and the total amount of the finance charges under the Agreement will be $1,669.98. A copy of the Agreement is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

9. The Debtor is unable to pay the premium for the Insurance in the ordinary course of business pursuant to 11 U.S.C. § 364(a) and is unable to obtain unsecured credit for such payment pursuant to 11 U.S.C. § 364(b). The Insurance identified in the Agreement is necessary and crucial to the operation of the Debtor's business. Indeed, the Debtor must maintain the Insurance in order to proceed in this Court. Accordingly, the relief sought herein is in the best interest of the estate and its creditors.

10. The Debtor seeks to grant Prime Rate a lien and security interest in any and all unearned or return premiums and dividends which may become payable under the Insurance policies identified in the Agreement. These Insurance policies and unearned premiums or dividends are not otherwise subject to a lien. Such liens and security interests shall be deemed duly perfected without further action by Prime Rate and shall be senior to the rights of the Debtor's estate and existing creditors in this or any subsequent proceeding.

11. As a condition of entering into the Agreement, Prime Rate requires that: (a) in the event of a default by the Debtor in making the monthly payments due under the

Agreement which default remains uncured for ten (10) days after notice to the Debtor and an opportunity to cure, it be authorized to terminate the Agreement without seeking relief from the automatic stay or further order of the Court; and (b) any sums that remain due under the Agreement after default and exercise of Prime Rate's rights shall be deemed an administrative expense of the estate.

12. Prime Rate is extending financing under the Agreement in good faith within the meaning of 11 U.S.C. §364(c).

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the Motion, authorizing the Debtor to enter into the Premium Finance Agreement with Prime Rate Premium Finance Corporation, Inc., approving the Premium Finance Agreement attached hereto as <u>Exhibit A</u>, and providing such other and further relief as may be just.

Dated this 18th day of February, 2010.

> */s/ Amy Denton Harris*
> Scott A. Stichter
> Florida Bar No. 710679
> Amy Denton Harris
> Florida Bar No. 0634506
> Stichter, Riedel, Blain & Prosser, P.A.
> 110 E. Madison Street, Suite 200
> Tampa, Florida 33602
> Telephone: (813) 229-0144
> Facsimile: (813) 229-1811
> Email: sstichter@srbp.com
> aharris@srbp.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing DEBTOR'S EMERGENCY MOTION PURSUANT TO 11 U.S.C. § 364(c) FOR AUTHORIZATION TO ENTER INTO PREMIUM FINANCE AGREEMENT WITH PRIME RATE PREMIUM FINANCE CORPORATION, INC. has been furnished by the Court's CM/ECF system or U.S. MAIL on the **18th** day of **February, 2010** to:

Local 1007-2 Parties in Interest Matrix

                                                  */s/ Amy Denton Harris*
                                                  Amy Denton Harris

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:10-bk-03334-KRM<br>Middle District of Florida<br>Tampa<br>Thu Feb 18 15:54:54 EST 2010 | 1st Florida Termite & Pest Control<br>5271 57th Street North<br>Kenneth City, FL 33709-3630 | ART Pest Control Services<br>776 A. East Prospect Road<br>Oakland Park, FL 33334-3151 |
| Barfield Bay<br>P.O. Box 990460<br>Naples, FL 34116-6065 | Branch Banking and Trust<br>Company, c/o Robert G. Stern<br>101 E. Kennedy Blvd.<br>Suite 2700<br>Tampa, FL 33602-5150 | Branch Banking and Trust<br>P.O. Box 830738<br>Birmingham, AL 35283-0738 |
| Brentwood Apartments Tampa, LLC<br>402 11th Street<br>Naples, FL 34102-5828 | Certified Protective Service<br>711 South Howard Ave<br>Suite 200<br>Tampa, FL 33606-2466 | City of Temple Terrace<br>11250 North 56th Street<br>Temple Terrace, FL 33617-2250 |
| Department of Labor and Security<br>Hartman Building Suite 307<br>2012 Capital Circle Southeast<br>Tallahassee FL 32399 0648 | Department of Revenue<br>PO Box 6668<br>Tallahassee FL 32314-6668 | Hillsborough County Tax Collector<br>P.O. Box 172920<br>Tampa, FL 33672-0920 |
| Hines Property Tax Consulting<br>610 South Albany Ave.<br>Suite 408<br>Tampa, FL 33606-2406 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 | Investments 2234, LLC<br>Tax Lien Certificate Holder<br>PO Box 403357<br>Atlanta, GA 30384-3357 |
| LexisNexis Screening Solutions<br>P.O. Box 730694<br>Dallas, TX 75373-0694 | K. Rodney May<br>Tampa | Media General<br>202 South Parker St.<br>2nd Floor<br>Tampa, FL 33606-2308 |
| Office of US Attorney<br>Attn Civil Process Clerk<br>400 North Tampa St Suite 3200<br>Tampa FL 33602-4774 | Pool Care<br>9021 Baywood Park Drive<br>Seminole, FL 33777-4630 | Quill<br>P.O. Box 37600<br>Philadelphia, PA 19101-0600 |
| Ronald L. Glas<br>P.O. Box 990460<br>Naples, FL 34116-6065 | Scott A Stichter<br>Stichter, Riedel, Blain & Prosser<br>110 E. Madison Street, Suite 200<br>Tampa, FL 33602-4718 | Suarez Bath Tub & Counter Repair, LLC<br>7603 Canyon Ct.<br>Tampa, FL 33615-2562 |
| Tampa Electric<br>P.O. Box 31318<br>Tampa, FL 33631-3318 | Tanglewood Apartments<br>P.O. Box 990460<br>Naples, FL 34116-6065 | Teco Peoples Gas<br>P.O. Box 31017<br>Tampa, FL 33631-3017 |
| The Flyer<br>2830 Orbiter Street<br>Brea, CA 92821-6224 | Totally Blu H2O<br>18182 Canal Pointe St.<br>Tampa, FL 33647-3311 | United States Trustee - TPA<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 |

Vertex
5901 Benjamin Center Driver
Suite 110
Tampa, FL 33634-5241

                        The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                        by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Internal Revenue Service              End of Label Matrix
P.O. Box 21126                        Mailable recipients    30
Philadelphia, PA 19114                Bypassed recipients     0
                                      Total                  30

## PRIME RATE PREMIUM FINANCE CORPORATION, INC.
2141 Enterprise Dr. P.O. Box 100507  www.primeratepfc.com
Florence, South Carolina 29502-0507  Phone: (800) 777-7458
FL License No. 03-570785141

**PREMIUM FINANCE AGREEMENT**
**ACCOUNT NO.   FL-5706711**

Insured Name:  BRENTWOOD-BARFIELD
PO BOX 990460
NAPLES, FL 34116
(239) 455-9451

TIN/SSN:

Agent/Broker/Producer:

FRANKLIN STREET INSURANCE 11048
SERVICES LLC
5420 BAY CENTER DR #100
TAMPA, FL 33609
(813) 839-7300

| Policy Eff. Date | Term | Policy Number | Name of Insurance Company and Name and Address of General Or Policy Issuing Agent | R | Type of Coverage | Total Premium |
|---|---|---|---|---|---|---|
| 02/01/2010 | 12 | TBD | 32436-WESTCHESTER SURPLUS LINES INS CO | N | 59 COMM/PROP | $71,156.36 |
| | | | %PROPERTY RISK SERVICES LLC | | | |
| | | | RTax $5,318.50 | | | $5,318.50 |
| | | | See addendum for remaining policies detail. | | | $10,961.01 |

**Creditor: Prime Rate Premium Finance Corporation, Inc.**                                           Federal Truth in Lending Disclosures

| (A) Total Premiums | (B) Cash Down Payment | (C) Unpaid Balance of Cash Price | (D) Doc Stamps | (E) Amount Financed (The amount of credit provided to you or on your behalf) | (F) FINANCE CHARGE (The dollar amount the credit will cost you) | (G) Total of Payments (The amount you will have paid after you have made all payments as scheduled) | (H) ANNUAL PERCENTAGE RATE (The cost of your credit as a yearly rate) |
|---|---|---|---|---|---|---|---|
| $87,435.87 | $21,859.00 | 65,576.87 | 230.65 | $65,807.52 | * $1,669.98 | $67,477.50 | 6.05 % |

Your PAYMENT SCHEDULE will be:

*Includes a non-refundable service charge of $20.00

You have the right to receive an Itemization of the Amount Financed

___ I want an Itemization

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 9 | $7,497.50 | On the 1 st Day of each month, Beginning 03/01/2010 |

___ I do not want an Itemization

**Security:** You are giving a security interest in any and all unearned or return premium(s) and dividends which may become due under the policy(ies) being purchased.
**Late Charge:** You will be charged the greater of 5% or $10 on any payment received more than 5 days after the due date. If the Agreement is primarily for personal, family or household purposes, the charge will not exceed $10.00.
**Cancellation Charge:** You will be charged a cancellation charge of $15.00 if Prime Rate cancels any insurance policy in accordance with the terms of this Agreement.
**Prepayment:** If you voluntarily prepay in full prior to the last installment due date you will not be charged a prepayment fee and you may be entitled to a refund of part of the finance charge.
**See Above** and on the last page of this document for any additional information about non-payment default, any repayment in full before the scheduled date, and prepayment refunds and penalties.

In consideration of the payment(s) to be made by PRIME RATE PREMIUM FINANCE CORPORATION, INC. ("PR") to the above insurance companies ("Insurer(s)"), their agents or representatives, the ABOVE NAMED insured ("Insured") (jointly and severally if more than one):
(1) Promises to pay to the order of PR at the above address, the Total Payments in accordance with the Payment Schedule set forth in the above Truth-in-Lending Disclosures as well as any other sums due pursuant to this Agreement.
(2) Irrevocably appoints PR as Attorney-In-Fact with full authority to affect cancellation of the policies covered hereby or any substitution, rewrite or renewal thereof in accordance with the provisions herein, to receive all sums assigned to PR or in which it has granted PR a security interest. PR may execute and deliver on behalf of the Insured all documents, forms and notices relating to the policies covered hereby in furtherance of this Agreement. The Power of Attorney is coupled with an interest and the powers given herein may be exercised by the Attorney-In-Fact, or its successors and assigns.
(3) Acknowledges that it has received a copy of all pages of this Agreement and if the borrower is a consumer, the Insured acknowledges that he has received a copy of PR's Privacy Statement.

**THE INSURED AGREES TO THE PROVISIONS ABOVE AND ON THE FOLLOWING PAGE(S) OF THIS AGREEMENT**
**NOTICE:** 1. Do not sign this Agreement before you read it or if it contains any blank space. 2. You are entitled to a completely filled-in copy of this Agreement. 3. Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the service charge.

| INSURED'S NAME | SIGNATURE OF INSURED OR AUTHORIZED REPRESENTATIVE | TITLE | DATE |
|---|---|---|---|
| INSURED'S NAME | SIGNATURE OF INSURED OR AUTHORIZED REPRESENTATIVE | TITLE | DATE |

**AGENT/BROKER/PRODUCER'S CERTIFICATION**
The Agent/Broker/Producer warrants and agrees: 1. The insurance policies listed on this Agreement are in force, that the information and the premiums are correct. 2. The Insured has received a copy of this Agreement, has authorized this transaction and recognizes the security interest assigned herein. 3. All of PR's guidelines and eligibility requirements have been complied with. 4. A proceeding in bankruptcy, receivership or insolvency has not been instituted by or against the named Insured. 5. No audit or reporting form policies or policies subject to retrospective rating or minimum earned premiums are included, except as indicated. The deposit or provisional premiums are not less than anticipated premiums to be earned for the full term of the policies. 6. All of the policies are cancelable by the Insured and unearned premiums will be calculated on the standard short-rate or pro-rata tables. 7. To hold in trust for PR any payments made or credited to the insured through or to the undersigned, directly or indirectly, actually or constructively by the insurance companies or PR and to pay the monies as well as any unearned commissions to PR promptly upon demand to satisfy the outstanding indebtedness of the Insured. Any lien the undersigned has or may acquire in the return premiums arising out of the listed insurance policies is subordinated to PR's lien or security interest therein. There are no other liens on the unearned premiums and all premiums will be paid to the insurers.
**THE UNDERSIGNED FURTHER WARRANTS THAT IT HAS RECEIVED THE DOWN PAYMENT AND ANY OTHER SUMS DUE AS REQUIRED BY THE AGREEMENT AND IS HOLDING SAME OR THEY ARE ATTACHED TO THIS AGREEMENT**

| AGENT/BROKER/PRODUCER | SIGNATURE OF AGENT/BROKER/PRODUCER | TITLE | DATE |
|---|---|---|---|

**Exhibit "A"**

## PRIME RATE PREMIUM FINANCE CORPORATION, INC.
2141 Enterprise Dr. P.O. Box 100507  
Florence, SC 29502-0507  
www.primeratepfc.com  
Phone: (800) 777-7458

**PREMIUM SERVICE AGREEMENT**  
**ACCOUNT NO.** FL-5706711

Insured Name: BRENTWOOD-BARFIELD  
PO BOX 990460  
NAPLES, FL 34116  
(239) 455-9451

Agent/Broker/Producer: FRANKLIN STREET INSURANCE 11048  
SERVICES LLC  
5420 BAY CENTER DR #100  
TAMPA, FL 33609  
(813) 839-7300

TIN/SSN:

## ADDENDUM

| Policy Eff. Date | Term | Policy Number | Name of Insurance Company or General Agent or Policy Issuing Agent | R | Type of Coverage | Total Premium |
|---|---|---|---|---|---|---|
| 02/01/2010 | 12 | TBD | 7393-SCOTTSDALE INSURANCE CO %CRC INSURANCE SERVICES INC RTax $566.37 | N | 55 COMM LIAB | $9,000.00 $566.37 |
| 02/01/2010 | 12 | TBD | 7393-SCOTTSDALE INSURANCE CO %CRC INSURANCE SERVICES INC RTax $80.64 | N | 76 EXCESS LIAB | $1,314.00 $80.64 |

# REMAINING PROVISIONS OF PREMIUM FINANCE AGREEMENT

(4) Assigns to PR as security for the total amount payable hereunder any and all unearned or return premiums and dividends which may become payable under the insurance policies covered by this Agreement and loss payments under said policies which reduce the unearned premiums (subject to any loss payee or mortgagee interests), and hereby authorizes and instructs its insurer(s) to pay such funds or proceeds to PR. The Insured gives to PR a security interest in all items mentioned in this paragraph. The Insured further grants to PR its interest which may arise under any state insurance guarantee fund relating to any policy shown on the front of this Agreement.

(5) Agrees in the event of a default in payment of any installment, PR may cancel the policies covered hereby after giving the notice required as prescribed by law. In case of cancellation, the unpaid balance due to PR shall be immediately payable by the Insured. The Insured understands PR may collect and enforce repayment of the indebtedness evidenced hereby without recourse to any security underlying this Agreement. If cancellation occurs, the Insured agrees to pay a finance charge on the balance due at the contract rate of interest until that balance is paid in full or until such other date as permitted by law.

(6) Agrees that any payments made to PR after Notice of Cancellation has been mailed to the insurer will be credited to the Insured's account and shall not constitute reinstatement or obligate PR to request reinstatement of any insurance policy. Any sum received from an insurer shall be credited to the Insured's indebtedness to PR, and any surplus shall be paid to whomever it is entitled. If the refund is less than $1.00, no refund will be made. In case of a deficiency, the Insured shall remain liable and pay the same with interest as set forth above. The Insured will not be required to pay an amount due under this Agreement that is less than $5.00.

(7) May voluntarily prepay the full amount due and under certain conditions be entitled to receive a partial refund of the FINANCE CHARGE computed in accordance with the method prescribed by law, after deducting any fully earned charge permitted by law.

(8) Understands that the FINANCE CHARGE begins to accrue as of the earliest Policy Effective Date, unless otherwise specified.

(9) Authorizes PR to correct or remedy any error or omission in the completion of this Agreement; the Insured will be notified at the address shown hereon of any change in Blocks (A) thru (H), or in the Federal Truth-In-Lending Disclosures or in the itemization of the Amount Financed Disclosures.

(10) Warrants that each of the policies covered hereunder (or a binder thereof), except for policies written through residual markets, has been issued to the Insured, is in full force and effect and that no other power of attorney or other encumbrance or assignment is in effect nor will same be put into effect, except for the interest of mortgagees or loss payees, and agrees that all rights conferred upon PR shall inure to PR's successors or assigns.

(11) Agrees that, in the event the total premiums are greater than that shown hereon, or if the Insured requests additional premiums be added or additional premiums financed, this Agreement may be amended to reflect the actual premiums and the Insured will either (i) pay the difference in premium due or (ii) pay any required additional down payment and any additional finance charge permitted by law. In such event PR will forward the Insured a revision notice showing all information required by law.

(12) Agrees that (i) PR assumes no liability as an insurer, (ii) this Agreement shall not be effective until a written acceptance is mailed by PR, (iii) singular words used herein shall be deemed plural and vice versa as the sense of the Agreement demands, (iv) if any court of competent jurisdiction finds any part or provision of this Agreement to be invalid or unenforceable, such findings shall not affect any other part or provision.

(13) Agrees that if this transaction is for other than personal, family or household purposes or more than $25,000 none of the provisions of the Federal Truth-In-Lending Act or the regulations promulgated thereunder shall apply.

(14) Agrees that should a check be returned for insufficient or uncollected funds, PR may represent the check electronically and collect a service fee electronically of $15.00.

(15) Agrees that if payment is made by check, PR may use the check solely as a source document and as the basis for an electronic transaction. Receipt of the check will be deemed to be authorization for an ACH debit to the Insured's account.

(16) Agrees that any refunds may be applied against any prior debts owed PR.

(17) Understands that PR makes no warranties or representations concerning the financed insurance coverage nor has it played any part in the selection, structuring or acquisition of such coverage. This Agreement represents the entire understanding of the parties. PR has not authorized any party whatsoever to make any representations, commitments or promises or to play any role with respect to this premium finance transaction other than completing this contract on behalf of the Insured.

(18) Agrees that the money paid by PR is only for the premium as determined at the time the insurance policy is issued. PR's payment shall not be applied by the insurance company to pay for any additional premiums owed by the Insured as a result of any type of misclassification of the risk. The Insured agrees to pay the company any additional premiums which become due for any reason. PR may assign to the company any rights it has against the Insured for premiums due the company in excess of the premiums returned to PR.

(19) Agrees to pay 20% of attorneys' fees and/or collection agency fees and all other costs of collection if this contract is referred for collection to any collection agency and/or attorney not a salaried employee of PR.

(20) Understands this Agreement is not required as a condition of the Insured obtaining insurance coverage.

(21) Waives and releases PR from any claims, lawsuits and causes of action which may be related to any prior loans and/or to any act or failure to act prior to the time this Agreement becomes a binding contract, pursuant to paragraph 12ii. PR's liability for breach of any of the terms of this Agreement or the wrongful exercise of any of its powers shall be limited to the amount of principal balance outstanding, except in the event of gross negligence or willful misconduct. The laws of the State of Florida will govern this Agreement.

(22) Represents that the Insured is not insolvent or presently the subject of any insolvency proceeding.

(23) Agrees to pay to the insurance company the earned premium computed in accordance with the policy provisions which is in excess of the amount of premium advanced by PR which the insurance company retains if the insurance policy issued to the Insured is auditable or is a reporting form policy or is subject to retrospective rating.

(24) Certifies that it is empowered to enter into this Agreement without any restrictions and that the individual signing it has been fully empowered to do so. To the extent that the Insured either possesses or claims sovereign immunity for any reason, such sovereign immunity is expressly waived and the Insured agrees to be subject to the jurisdiction of the laws and courts set forth in the preceding paragraphs.

(25) Agrees that the money paid by PR is only for the premium as determined at the time the insurance policy is issued. PR's payment shall not be applied by the insurance company to pay for any additional premiums owed by the Insured resulting from any type of misclassification of the risk. The Insured shall pay to the insurer any additional premiums or any other sums that become due for any reason. If PR assigns the same account number to any additional extension or extensions of credit, (i) this Agreement and any other Agreement(s) identified by such account number shall be deemed to comprise a single and indivisible loan transaction, (ii) any default with respect to any component of such transaction shall be deemed a default with respect to all components of such transaction, and (iii) any unearned premiums relating to any component of such transaction may be collected and applied by PR to the totality of such transaction.

**NOTICE: SEE PREVIOUS PAGE FOR IMPORTANT INFORMATION**

FL-08

# Prime Rate Premium Finance Corporation, Inc.
## Consumer Privacy Notice

We at Prime Rate Premium Finance Corporation, Inc. are committed to protecting your privacy. Our Consumer Privacy Notice tells you the kind of information we collect about you, with whom we share it, and how we protect it responsibly. The Notice applies to consumers who obtain financial products or services for personal, family, or household purposes. The examples that you will find throughout this Notice are for purposes of illustration only and should not be considered a complete description of our information practices.

### Categories of Information We May Collect

We may collect the following categories of information about you:
* Information we receive from you on applications and other oral, written, or electronic communications, such as your name, address, and social security number;
* Information about your transactions with us or others, such as your account balance and payment history;
* Information we receive from third parties, including persons providing services in connection with your transactions; and
* Information collected from our Internet web sites, such as information you provide to us and information necessary to manage your online session with us.

### Disclosure of Information to Others

We do not disclose information about you to third parties, including affiliates, except as required or permitted by law. For example, we may disclose information about you to others to assist us in servicing your loan(s) with us, to government entities in response to subpoenas, and to credit bureaus.

If you close your accounts or your relationship becomes inactive, we will continue to treat the information we have collected about you in accordance with this Notice.

### Our Security Procedures

We maintain physical, electronic, and procedural safeguards to safeguard consumer information. Our employees are bound by our Code of Ethics and policies to access consumer information only for legitimate business purposes and to keep information about you confidential.

### Other Privacy Protections

You may have other privacy protections under some state laws. We will comply with applicable state laws as to information about you. For example, certain state laws may restrict the types of information we may disclose about you or require us to provide you with an additional notice.

### Our Commitment

We will continue to maintain our dedication to protecting your privacy. Should you have questions concerning our Notice, you may call our Customer Service Department at (843) 669-0937.